IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY PAM,

     Movant,

vs.                                      No. CV 16-00358 LH/GBW
                                          No. CR 11-00882 LH

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings on the Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Movant Larry Pam (CV Doc. 2, 3; CR Doc. 59, 60). The Court determines that Pam is not entitled to relief and dismisses the Motion and the Amended Motion as required by rule 4(b).

In reviewing a pro se filing, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

On March 4, 2011, Pam was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (CR Doc. 1). The Grand Jury Indictment of April 13, 2011

identified four prior felony convictions against Pam:  (1) shooting at a dwelling or occupied building with great bodily harm in Second Judicial District Court, State of New Mexico cause no. CR 1997-02584; (2) shooting at or from a motor vehicle and tampering with evidence in Second Judicial District Court, State of New Mexico cause no. CR 1997-0274; and (3) aggravated assault with a deadly weapon and tampering with evidence in Second Judicial District Court, State of New Mexico cause no. CR 2004-00125.  (CR Doc. 4).

Pam entered into a Plea Agreement on September 20, 2011.  (CR Doc. 30).  In ¶ 5 of the Plea Agreement, Pam agreed:

> "Pursuant to Fed. R. Crim. P. 11(c)(1)(C), a sentence of 180 months imprisonment, or 15 years imprisonment, is the appropriate disposition for the case, and this agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur."

(CR Doc. 30 at 3).  Paragraph 23 of Pam's Plea Agreement also provided:

> ". . .the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."

(CR Doc. 30 at 9).  Pam's Sentencing Memorandum specifically requested that the Court impose the 180 month imprisonment agreed to by the Parties pursuant to Fed. R. Crim. P. 11(c)(1)(C). (CR Doc. 34 at 1).  The Plea Agreement was accepted by the Court on September 20, 2011.  (CR Doc. 31).  At the plea hearing, the Court determined that Pam fully understood the charges, terms of plea, and the consequences of entry into the plea agreement. The Court also found that Pam's Plea Agreement was freely, voluntarily, and intelligently made.  (CR Doc. 31).  The Court then sentenced Pam to the agreed term of imprisonment of 180 months.  (CR Doc. 37 at 2).

On October 26, 2012, Pam filed a Pro-Se Motion for Relief From Judgment or Order for Remand for Resentencing, which, with Pam's concurrence, the Court characterized as a motion

to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  (CR Doc. 41, 42, 43, 44).  Pam argued that his sentence was improperly enhanced under ACCA because his aggravated assault conviction did not qualify as a violent felony under the "element" or "force" clause of 18 U.S.C. § 1924(e).  The Court construed Pam's motion as raising a claim of ineffective assistance of counsel in negotiating and entering into the plea agreement, and, therefore, not subject to the waiver of collateral review in the Plea Agreement.  (CR Doc. 44 at 2).  The Court rejected Pam's argument and concluded that there was no ineffective assistance of counsel in negotiating, recommending, and entering into the plea agreement's stipulation to a 180 month sentence.  (CR Doc. 44 at 3-4).

On April 27, 2016, the Tenth Circuit granted authorization for Pam to file his second or successive § 2255 motion.  (CV Doc. 1; CR Doc. 57). In his Motion and Amended Motion, Pam seeks relief under 28 U.S.C. § 2255 on the grounds that his sentence was invalidly imposed under the Armed Career Criminal Act ("ACCA").   Pam relies on the U.S. Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). (CV Doc. 3 at 1; CR Doc. 60 at 1).  However, Pam was not sentenced under the provisions of the ACCA but, instead, was sentenced to a stipulated and agreed term of 180 months under Fed. R. Crim. P. 11.  Pam is not eligible for relief under *Johnson* because his sentence was to an agreed term. *See United States v. Jones,* 634 Fed. App'x 649 (2015).  Moreover, Pam also agreed to waive collateral review of the sentence except on the issue of ineffective assistance of counsel in negotiating or entering into the Plea Agreement.  Pam has previously raised the issue of ineffective assistance of counsel and the issue has been resolved against him. (CR Doc. 44).  Therefore, Pam is not entitled to relief under 28 U.S.C. § 2255 on the basis of *Johnson v. United States.*

Pam agreed to a 180 month term of imprisonment under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (CR Doc. 30 at 3, ¶ 5).  Rule 11(c) provides:

> " An attorney for the government and the defendant's attorney. . . may reach a plea agreement. . . the plea agreement may specify that an attorney for the government will:
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . such a recommendation or request binds the court once the court accepts the plea agreement."

The Court accepted Pam's Plea Agreement and, on Pam's request, sentenced Pam to the agreed 180 month term of incarceration. (CR Doc. 31, 37). As such, Pam was not sentenced under the provisions of the ACCA but, instead was sentenced by agreement and *Johnson* is inapplicable to Pam's sentence.  *United States v. Jones,* 634 Fed. App'x at 649.

In *Freeman v. United States,* 564 U.S. 522, 131 S. Ct. 2686 (2011), the Supreme Court held that, where the defendant had entered into an 11(c)(1)(C) plea agreement-that is based on an agreed-upon Guidelines sentencing range that is retroactively amended, a subsequent Guidelines amendment would apply to reduce the sentence under Section 3582.  United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).  If, however, "the plea deal does not 'use' or 'employ' a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment."  *Id.* (citing *Freeman*, 1315 S. Ct. at 2697-99).  *Freeman* does not appear to have been applied in *Johnson* 2255 cases.  However, even if the reasoning of *Freeman* was extended to 2255 motions based on *Johnson,* it would not change the result in this case.  Mr. Pam's plea differs from *Freeman* in that his agreement did not use or employ a Guideline sentencing range.  Instead, he agreed to and affirmatively requested a specific term of 180 months.  (Doc. 30 at 3, ¶ 5, Doc. 34 at 1).  The Court discussed the Guidelines range, but accepted the requested 180 month term, which was below the minimum Guidelines range.  (Doc. 40 at 4, lines 10-16).

Pam also agreed to waive collateral attack on his conviction other than for ineffective assistance of counsel in negotiating or entering into the Plea Agreement. (CR Doc. 30 at 9). Pam's request for relief under *Johnson v. United States* is a collateral attack on his conviction. Therefore, the issue to be decided by the Court is whether the *Johnson* issue is within the scope of the waiver in Pam's Plea Agreement and, if so, whether the waiver will be enforced.

The Tenth Circuit has established a three-part test to determine if a post-conviction waiver is enforceable:

> (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice....

*United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004).

**<u>Scope of the Waiver:</u>**   In determining the scope of an appellate or post-conviction waiver, the Court must strictly construe the waiver in favor of the defendant and evaluate the scope of the waiver in light of the defendant's reasonable understanding at the time of the guilty plea. *United States v. Novosel,* 481 F.3d 1288, 1291, n. 1 (10th Cir. 2007).  In his Plea Agreement, Pam agreed to waive "***any*** collateral attack" except on the issue of counsel's ineffective assistance. (CR Doc. 30 at 9)(emphasis added). Because *Johnson* announced a new rule of law, Pam's collateral attack based on *Johnson v. United States* does not implicate assistance of counsel and, therefore, is within the waiver language of any collateral attack other than ineffective assistance of counsel.  Pam does not contend, nor is there anything in the record that would indicate, that he did not understand the scope of the waiver at the time he entered into the Plea Agreement. Therefore, the Court finds that the issue of eligibility for relief under *Johnson* is within the scope of the waiver of collateral attack in Pam's Plea Agreement.  *See, e.g., United States v. Viera,* 674 F.3d 1214, 1217-19 (10th Cir. 2012).

**_Knowing and Voluntary Waiver:_**   In order to determine the enforceability of the waiver, the Court must consider whether the waiver was knowing and voluntary. *United States v. Weeks,* 653 F.3d 1188, 1197, n. 4 (10th Cir. 2011). *Hahn* requires the examination of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court looks to whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. *Hahn,* 359 F.3d at 1325. Second, the acceptance of the guilty plea must be the result of an adequate colloquy between the Court and the defendant under Fed. R. Crim. P. 11. *Id.*

The language of Pam's Plea Agreement states that the plea is freely and voluntarily made and is not the result of force, threats, or promises, and that Pam is pleading guilty because he is, in fact, guilty.  (CR Doc. 30 at 9-10).  The Plea Agreement also states that Pam is knowingly waiving jury trial and appeal rights.  (CR Doc. 30 at 8, ¶ 20 and 9, ¶ 23).  Last, the Plea Agreement sets out Pam's understanding of his rights, the maximum sentence that could be imposed absent the agreement, and the factual basis of his guilty plea.  (CR Doc. 30, at 1, 2-4, 4-6).  The language of the Plea Agreement is sufficient to establish that the plea and waiver is knowing and voluntary.

The record also reflects an adequate colloquy between Pam and the Court under the requirements of rule 11.  *See* CR Doc. 31.  Pam testified, under oath, regarding his age, education, physical and mental condition, and whether he was under the influence of alcohol, drugs, or any medication.  He was advised of the charges, factual predicate for the charges, penalties, and possible consequences of the plea.  He was further advised of his constitutional rights, loss of rights, and maximum possible penalties.  He was questioned regarding whether he had time to consult his attorney and if he was satisfied with his attorney's representation.  Based

on Pam's testimony and the colloquy, the Court found that Pam fully understood the charges, the terms of the plea, and the consequences of entry into the plea agreement, and that the plea was freely, voluntarily, and intelligently made.  (CR Doc. 31).

**_Miscarriage of Justice:_**  A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful". *Hahn,* at 1327 (quoting *United States v. Elliot,* 264 F.3d 1171, 1173 (10th Cir.2001)). The defendant bears the burden of persuasion to show that a miscarriage of justice will occur if the waiver is enforced. *United States v. Maldonado,* 410 F.3d 1231, 1233-34 (10th Cir. 2005).

No issue has been raised that the Court relied on any impermissible factor.  The Court has also previously determined that there was no ineffective assistance of counsel in connection with the negotiation and entering into the Plea Agreement.  (CR Doc. 44). A miscarriage of justice does not occur when a defendant receives a sentence higher than he expected if that sentence does not exceed the statutory maximum. *United States v. Green,* 405 F.3d 1180, 1191-94 (10th Cir. 2005). The sentence imposed on Pam did not exceed the ACCA statutory maximum and was also below the Guidelines range based on his criminal history.  (CR Doc. 30, 34). Nor was the sentence higher than Pam expected.  Instead, he received the sentence he specifically requested and agreed to. (CR Doc. 30, 34).

In order for a waiver to be "otherwise unlawful" the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano,* 507 U.S. 725, 732 (1993). A defendant may not avoid enforcement of a waiver under the "otherwise unlawful" exception based on alleged errors in the calculation of his sentence, because this

7

exception is focused on the fairness of the proceedings, rather than result of the proceedings. *United States v. Smith,* 500 F.3d 1206, 1212-13 (10th Cir. 2007). The record does not reflect, and Pam does not allege, any error that seriously affected the fairness, integrity, or public reputation of the proceedings.

Pam argues that the waiver should not enforced because "this Court, defense counsel, and the prosecutor all misadvised Pam, (relying on existing precedent), that his prior convictions under §§ 30-3-2(A) and 30-3-8(B) qualified as 'crimes of violence' for ACCA purposes". (Doc. 3 at 7). Pam relies on the U.S. Supreme court's decision in *Bousley v. United States*, 523 U.S. 614, 626 (1998)(concurring opinion of Justice Stevens) to support his argument.

However, the *Bousley* Court did not decline to enforce a waiver on the grounds that the lower court and counsel had misinformed the defendant as to the law. Instead, the Court allowed the defendant to pursue collateral review in the face of a procedural default because the defendant maintained his actual innocence. 523 U.S. at 623-24. In his concurring opinion, Justice Stevens expressly stated that his view that a miscarriage of justice would result from enforcement of the waiver had no implications for cases involving retroactive application of a new rule of law. 523 U.S. at 625. Justice Stevens' concurrence does not apply in this situation where the information provided to Pam was correct at the time of the Plea Agreement but the Supreme Court subsequently issued a new rule that substantively changed the law. *See Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1268 (2016)(*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review).

In this case, Pam has not asserted actual innocence and, instead, represented in his Plea Agreement that he is, in fact, guilty. (CR Doc. 30, at 9-10, ¶ 26). Nor was Pam misadvised at the time he entered into the Plea Agreement. Pam stipulated that a 180 month sentence, below

the guideline range of 188 to 235 months, was the appropriate disposition of his case and expressly requested imposition of the 180 month sentence. (CR Doc. 30 at 3; CR Doc. 34 at 3). The Court determines that enforcement of the waiver does not result in a miscarriage of justice. *United States v. Hahn,* 359 F.3d at 1327-29. Therefore, the Court will enforce the Plea Agreement, including the agreed term of incarceration and the waiver of collateral review, and will dismiss Pam's Motion under rule 4.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Pam has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Movant Larry Pam (CV Doc. 2, 3; CR Doc. 59, 60) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED** under rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____

SENIOR UNITED STATES DISTRICT JUDGE